1  **SEDGWICK LLP**
   Karen Woodward (State Bar No.205543)
2  karen.woodward@sedgwicklaw.com
   Arameh Zargham O'Boyle (State Bar No.239495)
3  arameh.oboyle@sedgwicklaw.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, CA  90017-5556
   Telephone:    213.426.6900
5  Facsimile:    213.426.6921

6  Wayne A. Wolff (State Bar No. 161351)
   wayne.wolff@sedgwicklaw.com
7  333 Bush Street, 30th Floor
   San Francisco, CA  94104-2834
8  Telephone:    415.781.7900
   Facsimile:    415.781.2635

9
   Attorneys for Defendant BOEHRINGER INGELHEIM
10 PHARMACEUTICALS, INC.

11
                  **IN THE UNITED STATES DISTRICT COURT**
12
                  **NORTHERN DISTRICT OF CALIFORNIA**
13

14 EVELYN ABRAMS, AS SUCCESSOR-IN-          CASE NO. C 13-00601 WHA
   INTEREST AND SURVIVING HEIR OF
15 THE ESTATE OF HAZEL ABRAMS,
   DECEASED,
16
              Plaintiff(s),                 **DEFENDANT BOEHRINGER**
17                                          **INGELHEIM PHARMACEUTICALS,**
          v.                                **INC.'S ANSWER TO PLAINTIFF'S**
18                                          **COMPLAINT**
   BOEHRINGER INGELHEIM
19 PHARMACEUTICALS, INC.;
   BOEHRINGER INGELHEIM                     **Complaint Filed:  February 7, 2013**
20 INTERNATIONAL GMBH; and
   McKESSON CORPORATION; and DOES 1
21 through 50, inclusive,

22            Defendant (s).

23

24        Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), by and through counsel,

25 for itself alone, and for no other defendant, hereby answers Plaintiff's unverified Complaint, as

26 set forth below.   The repetition of some of the Complaint's subheadings is done solely for

27 organizational purposes and is not an admission as to their truth.

28
                                           -1-

1    With respect to the first unnumbered paragraph of Plaintiff's Complaint, BIPI denies the

2    allegations, if any, therein against it. BIPI likewise demands a trial by jury.

3                          **PARTIES, JURISDICTION AND VENUE**

4    1.    BIPI is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies those

6    allegations.

7    2.    BIPI admits that it is a Delaware corporation with its principal place of business at

8    900 Ridgebury Road, Ridgefield, Connecticut 06877. BIPI further states that it is authorized to

9    do business in the State of California and it may be served with process as set out in applicable

10   rules of procedure. Except as expressly admitted, BIPI denies the allegations contained in

11   Paragraph 2 of the Complaint.

12   3.    The allegations in Paragraph 3 of the Complaint are not directed towards BIPI,

13   assert legal conclusions and relate to a different entity. Accordingly, no response is required. To

14   the extent the allegations in Paragraph 3 are directed at BIPI, they are denied.

15   4.    BIPI admits that, since its approval in October 2010 by the Food and Drug

16   Administration ("FDA"), BIPI marketed, labeled and distributed Pradaxa® in the United States.

17   BIPI denies the remaining allegations in Paragraph of the Complaint.

18   5.    The allegations contained in Paragraph 5 are legal conclusions to which no

19   response is required. To the extent a response is required, BIPI denies the allegations contained

20   in Paragraph 5 of the Complaint.

21   6.    The allegations in Paragraph 6 of the Complaint are not directed towards BIPI,

22   assert legal conclusions and relate to a different entity. Accordingly, no response is required. To

23   the extent the allegations in Paragraph 6 are directed at BIPI, they are denied.

24   7.    The allegations in Paragraph 7 of the Complaint are not directed towards BIPI and

25   relate to a different entity. To the extent the allegations in Paragraph 7 are directed at BIPI, they

26   are denied. BIPI lacks knowledge or information sufficient to form a belief as to the truth or

27   falsity of the allegations contained in the last sentence of Paragraph 7 of the Complaint and

28   therefore denies those allegations.

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

LA/2204424v1

Sedgwick LLP

8.     The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, BIPI denies the allegations contained in Paragraph 8 of the Complaint.

9.     BIPI denies the allegations contained in Paragraph 9 of the Complaint and denies that venue is proper.

## FACTUAL BACKGROUND

10.    BIPI admits that, since its approval in October 2010 by the Food and Drug Administration ("FDA"), BIPI appropriately labeled, marketed and distributed Pradaxa® in the United States in accordance with all FDA rules and regulations.  BIPI denies the remaining allegations of Paragraph 10 of the Complaint.

11.    BIPI admits the allegations contained in Paragraph 11 of the Complaint.

12.    BIPI admits that the FDA approved Pradaxa® in October 2010 as a safe and efficacious prescription medicine indicated to reduce the risk of stroke and systemic embolism in patients with non-valvular atrial fibrillation, and that the FDA approved Pradaxa® in 75mg and 150mg dosages.   Except as expressly admitted, BIPI denies the remaining allegations in Paragraph 12 of the Complaint.

13.    BIPI admits that, prior to the approval of Pradaxa® by the FDA in October 2010, warfarin had been approved in the United States by the FDA for certain indications, and that warfarin has known dietary interactions and monitoring requirements.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 13 of the Complaint.

14.    BIPI admits that it has disseminated certain materials related to Pradaxa® and atrial fibrillation, which materials are the best evidence of their content and context.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 14 of the Complaint.

15.    BIPI admits that Plaintiff purports to cite to an article in Paragraph 15 of the Complaint and that article is the best evidence of its content or context.  Except as expressly admitted, BIPI denies the remaining allegations of Paragraph 15 of the Complaint, including the source or veracity of the cited article included therein.

16.     BIPI admits that Plaintiff purports to cite to an article in Paragraph 16 of the Complaint, and that article is the best evidence of its content and context.  Except as expressly admitted, BIPI denies the remaining allegations of Paragraph 16 of the Complaint, including the source or veracity of the cited article included therein.

17.     BIPI admits it disseminated certain materials related to Pradaxa® and atrial fibrillation, and these materials are the best evidence of their content and context.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 17 of the Complaint.

18.     BIPI denies the allegations contained in Paragraph 18 of the Complaint.

19.     BIPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and therefore denies those allegations.

20.     BIPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and therefore denies those allegations.  BIPI specifically denies that it failed to adequately warn Plaintiff's physician.

21.     BIPI denies the allegations contained in Paragraph 21 of the Complaint.

22.     BIPI denies the allegations contained in Paragraph 22 of the Complaint.

23.     BIPI admits that following its approval by the FDA in October 2010, BIPI sold and marketed Pradaxa® in accordance with all FDA rules and regulations and that MedWatch reports regarding Pradaxa® were filed with the FDA. BIPI further states that as to the remaining allegations, Plaintiff purports to cite or quote sources not listed in the Complaint, and without a source with the full context, BIPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 in and therefore denies these allegations.

24.     BIPI admits that following its approval by the FDA in October 2010, BIPI sold and marketed Pradaxa® in accordance with all FDA rules and regulations and that MedWatch reports regarding Pradaxa® were filed with the FDA. BIPI further states that as to the remaining allegations, Plaintiff purports to cite or quote sources not listed in the Complaint, and without a source with the full context, BIPI lacks knowledge or information sufficient to form a belief as to

-4-

1   the truth or falsity of the allegations contained in Paragraph 24 in and therefore denies these

2   allegations.

3   　　　　25.   BIPI admits that Plaintiff purports to cite an article in Paragraph 25 to the

4   Complaint and that article is the best evidence of its content. Except as expressly admitted, BIPI

5   denies the allegations in Paragraph 25 of the Complaint, including the source and veracity of the

6   cited article.

7   　　　　26.   BIPI denies the allegations in Paragraph 26 of the Complaint, including sub-

8   paragraphs (a)-(m).

9   　　　　27.   BIPI admits it disseminated FDA-approved labeling and that this labeling is the

10   best evidence of its content.  Except as expressly admitted, BIPI denies the allegations contained

11   in Paragraph 27 of the Complaint.  In response to Plaintiff's reference to Paragraph 26, BIPI

12   refers to its responses to Paragraph 26, *supra*.

13   　　　　28.   BIPI denies the allegations contained in Paragraph 28, except admits that

14   Pradaxa® is approved for sale in New Zealand and refers the Court to the prescribing information

15   specific to New Zealand for its full text.

16   　　　　29.   BIPI admits that Plaintiff purports to cite to an article in Paragraph 29 of the

17   Complaint, and that article is the best evidence of its text and content.  Except as expressly

18   admitted, BIPI denies the allegations contained in Paragraph 29 of the Complaint.

19   　　　　30.   BIPI denies the allegations contained in Paragraph 30, except admits that

20   Pradaxa® is approved for sale in Japan under the brand name Prazaxa® and refers the Court to the

21   label specific to Japan for its full text and prescribing information.

22   　　　　31.   BIPI admits that Paragraph 31 of the Complaint purports to refer to a foreign

23   regulatory announcement, and that announcement is the best evidence of its content or context.

24   Except as expressly admitted, BIPI denies each and every allegation contained in Paragraph 31

25   of the Complaint.

26   　　　　32.   BIPI admits that Paragraph 32 of the Complaint purports to quote from

27   publications, and those publications are the best evidence of their content and context.  Except as

28

LA/2204424v1

Sedgwick LLP

expressly admitted, BIPI denies each and every allegation contained in Paragraph 32 of the Complaint, including the source and veracity of the cited publications.

33.     BIPI admits that it disseminated the FDA-approved labeling for Pradaxa®, which labeling is the best evidence of its content.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 33 of the Complaint.  In response to Plaintiff's reference to Paragraph 26, BIPI refers to its responses to Paragraph 26, *supra*.

34.     BIPI admits that Paragraph 34 of the Complaint refers to an FDA Communication from December 2011, the contents of which are the best evidence of its content and information.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 34 of the Complaint.

35.     BIPI states that Plaintiff purports to cite or quote sources not listed in the Complaint and without a source with full context, BIPI lacks sufficient knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 and therefore denies these allegations.

36.     BIPI admits that it disseminated the FDA-approved labeling for Pradaxa® and this labeling is the best evidence of its content.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 36 of the Complaint.  In response to Plaintiff's reference to Paragraph 26, BIPI refers to its response to Paragraph 26, *supra*.

37.     BIPI admits that Plaintiff purports to reference a directive issued by Health Canada and respectfully refers the Court to the directive for its full content and text.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 37 of the Complaint.

38.     BIPI admits that it disseminated the FDA-approved labeling for Pradaxa, and this labeling is the best evidence of its content.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 38 of the Complaint.  In response to Plaintiff's reference to Paragraph 26, BIPI refers to its response to Paragraph 26, *supra*.

39.     BIPI denies the allegations contained in Paragraph 39 of the Complaint.

40.     BIPI denies the allegations contained in Paragraph 40 of the Complaint.

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

LA/2204424v1

41.     BIPI states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and therefore denies them.

42.     BIPI denies the allegations contained in Paragraph 42 of the Complaint.

43.     BIPI denies the allegations contained in Paragraph 43 of the Complaint.

44.     BIPI states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45.     BIPI denies the allegations contained in Paragraph 45 of the Complaint.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

46.     BIPI incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in all proceeding Paragraphs of the Complaint.

47.     BIPI admits that it appropriately marketed, labeled and distributed Pradaxa® in the United States in accordance with all FDA rules and regulations. Except as expressly admitted, BIPI denies the allegations contained in Paragraph 47 of the Complaint.

48.     BIPI denies the allegations set forth in Paragraph 48 of the Complaint.

49.     BIPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and therefore denies these allegations.

50.     BIPI denies the allegations contained in Paragraph 50 of the Complaint.

51.     BIPI denies the allegations contained in Paragraph 51 of the Complaint.

52.     BIPI denies the allegations contained in Paragraph 52 of the Complaint.

53.     BIPI denies the allegations contained in Paragraph 53 of the Complaint.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

54.     BIPI incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in all proceeding Paragraphs of the Complaint.

-7-

55.     BIPI admits that it has legal duties imposed upon it by law, and that, at all relevant times, it complied with all applicable laws and regulations.  BIPI specifically denies that it breached any of those duties.  Except as expressly admitted, BIPI denies the allegations in Paragraph 55 of the Complaint.

56.     BIPI denies the allegations contained in Paragraph 56 of the Complaint.

57.     BIPI denies the allegations contained in Paragraph 57 of the Complaint.

58.     BIPI denies the allegations contained in Paragraph 58 of the Complaint.

59.     BIPI denies the allegations contained in Paragraph 59 of the Complaint, including subparts (a)-(d).

60.     BIPI denies the allegations contained in Paragraph 60 of the Complaint.

61.     BIPI denies the allegations contained in Paragraph 61 of the Complaint.

62.     BIPI denies the allegations contained in Paragraph 62 of the Complaint.

63.     BIPI denies the allegations contained in Paragraph 63 of the Complaint.

## THIRD CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

64.     BIPI incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in all proceeding Paragraphs of the Complaint.

65.     Paragraph 65 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, BIPI denies the allegations contained in Paragraph 65 of the Complaint.

66.     BIPI denies the allegations contained in Paragraph 66 of the Complaint.

67.     BIPI denies the allegations contained in Paragraph 67 of the Complaint.

68.     BIPI denies the allegations contained in Paragraph 68 of the Complaint.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

69.     BIPI incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in all proceeding Paragraphs of the Complaint.

70.     BIPI denies the allegations contained in Paragraph 70 of the Complaint.

-8-

Sedgwick

71.     BIPI admits that it appropriately marketed, distributed and labeled Pradaxa® in accordance with all FDA rules and regulations.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 71 of the Complaint.

72.     BIPI denies the allegations contained in Paragraph 72 of the Complaint, including subparagraphs (a)-(f).

73.     BIPI denies the allegations contained in Paragraph 73 of the Complaint.

74.     BIPI denies the allegations contained in Paragraph 74 of the Complaint.

75.     BIPI denies the allegations contained in Paragraph 75 of the Complaint.

76.     BIPI denies the allegations contained in Paragraph 76 of the Complaint.

77.     BIPI denies the allegations contained in Paragraph 77 of the Complaint.

78.     BIPI denies the allegations contained in Paragraph 78 of the Complaint.

79.     BIPI denies the allegations contained in Paragraph 79 of the Complaint.

80.     BIPI denies the allegations contained in Paragraph 80 of the Complaint.

## FIFTH CAUSE OF ACTION

## FRAUD AND INTENTIONAL MISREPRESENTATION

81.     BIPI incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in all proceeding Paragraphs of the Complaint.

82.     BIPI denies the allegations contained in Paragraph 82 of the Complaint.

83.     BIPI denies the allegations contained in Paragraph 83 of the Complaint.

84.     BIPI denies the allegations contained in Paragraph 84 of the Complaint.

85.     BIPI denies the allegations contained in Paragraph 85 of the Complaint.

86.     BIPI denies the allegations contained in Paragraph 86 of the Complaint.

87.     BIPI admits that it has legal duties imposed upon it by law, and that, at all relevant times, it complied with all applicable laws and regulations.  BIPI specifically denies that it breached any of those duties.  Except as expressly admitted, BIPI denies the allegations contained in Paragraph 87 of the Complaint.

88.     BIPI denies the allegations contained in Paragraph 88 of the Complaint.

89.     BIPI denies the allegations contained in Paragraph 89 of the Complaint.

1    90.   BIPI denies the allegations contained in Paragraph 90 of the Complaint.

2    91.   BIPI denies the allegations contained in Paragraph 91 of the Complaint.

3                          **SIXTH CAUSE OF ACTION**

4                             **WRONGFUL DEATH**

5    92.   BIPI incorporates by reference, as if fully set forth herein, its answers to the

6    allegations set forth in all proceeding Paragraphs of the Complaint.

7    93.   BIPI denies the allegations contained in Paragraph 93 of the Complaint.

8    94.   BIPI denies the allegations contained in Paragraph 94 of the Complaint.

9                     **PUNITIVE DAMAGES ALLEGATIONS**

10   95.   BIPI incorporates by reference, as if fully set forth herein, its answers to the

11   allegations set forth in all proceeding Paragraphs of the Complaint.

12   96.   BIPI denies the allegations contained in Paragraph 93 of the Complaint.

13   97.   BIPI denies the allegations contained in Paragraph 94 of the Complaint.

14   98.   BIPI denies the allegations contained in Paragraph 95 of the Complaint.

15

16   In response to the "WHEREFORE" Paragraph at the conclusion of Plaintiff's Complaint,

17   BIPI denies that Plaintiff is entitled to any damages, recovery, or relief whatsoever, including the

18   damages, recovery, or relief sought in this paragraph, including subparts (a) – (d).

19   In response to the second "WHEREFORE" Paragraph at the conclusion of Plaintiff's

20   Complaint, regarding "THE FIRST CAUSE OF ACTION FOR STRICT PRODUCTS

21   LIABILITY – FAILURE TO WARN", BIPI denies that Plaintiff is entitled to any damages,

22   recovery, or relief whatsoever, including the damages, recovery, or relief sought in this

23   paragraph, including subparts (1) – (7).

24   In response to the paragraph at the conclusion of Plaintiff's Complaint   regarding "THE

25   SECOND CAUSE OF ACTION FOR NEGLIGENCE",  BIPI denies that Plaintiff is entitled to

26   any damages, recovery, or relief whatsoever, including the damages, recovery, or relief sought in

27   this paragraph, including subparts (1) – (6).

28

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

LA/2204424v1

1    In response to the paragraph at the conclusion of Plaintiff's Complaint regarding "THE

2  THIRD CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY",  BIPI denies that

3  Plaintiff is entitled to any damages, recovery, or relief whatsoever, including the damages,

4  recovery, or relief sought in this paragraph, including subparts (1) – (6).

5    In response to the paragraph at the conclusion of Plaintiff's Complaint regarding "THE

6  FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION",  BIPI denies

7  that Plaintiff is entitled to any damages, recovery, or relief whatsoever, including the damages,

8  recovery, or relief sought in this paragraph, including subparts (1) – (6).

9    In response to the paragraph at the conclusion of Plaintiff's Complaint regarding

10 "THE     FIFTH     CAUSE     OF     ACTION     FOR     FRAUD     AND     INTENTIONAL

11 MISREPRESENTATION", BIPI denies that Plaintiff is entitled to any damages, recovery, or

12 relief whatsoever, including the damages, recovery, or relief sought in this paragraph,

13 including subparts (1) – (7).

14    In response to the paragraph at the conclusion of Plaintiff's Complaint regarding

15 "THE SIXTH CAUSE OF ACTION FOR WRONGFUL DEATH", BIPI denies that Plaintiff is

16 entitled to any damages, recovery, or relief whatsoever, including the damages, recovery, or

17 relief sought in this paragraph, including subparts (1) – (4).

18                                    **PREAMBLE TO DEFENSES**

19    Discovery and investigation may reveal that any one or more of the following defenses

20 should be available to BIPI in this matter.  BIPI, therefore, asserts the following defenses in

21 order to preserve the right to assert them.  Upon completion of discovery, and if the facts

22 warrant, BIPI may withdraw any of these defenses as it may deem appropriate.  Further, BIPI

23 reserves the right to amend its Answer and Defenses to assert additional defenses, cross-claims,

24 counterclaims, and other claims and defenses as discovery proceeds.  Without assuming any

25 burden of pleading or proof that would otherwise rest on Plaintiff, BIPI states as follows:

26                                    **FIRST AFFIRMATIVE DEFENSE**

27    The alleged incident and damages complained of by Plaintiff, if any there actually

28 were, said incident and damages being expressly denied by BIPI, were proximately caused by

-11-

Sedgwick

the negligence and/or other fault of Plaintiff and/or firms, persons, corporations or entities other than BIPI; said negligence and/or other fault comparatively reduces the percentage of any negligence and/or other fault attributable to BIPI, if it should be found that BIPI were negligent or otherwise at fault, which BIPI expressly denies.

## SECOND AFFIRMATIVE DEFENSE

At or about the time, date and place mentioned in the Complaint, if any risk was attendant upon the activities of Plaintiff, said Plaintiff full well knew of such risk, and voluntarily and without compulsion or coercion encountered and assumed such risk.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the provisions of the applicable statute(s) of limitations or repose, including, but not limited to, Code of Civil Procedure §§ 335.1, 340.5, 340.8, and 343.

## FOURTH AFFIRMATIVE DEFENSE

The product at issue in this litigation was misused, modified, altered, or changed from the condition in which it was sold, which misuse, modification, alteration, or change caused or contributed to cause Plaintiff's alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.  Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the product at issue in this case and thus the "last clear chance" and assumption of the risk doctrines bar in whole or in part the damages Plaintiff seeks to recover herein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery because Plaintiff, or others acting with the permission, consent or knowledge of Plaintiff, negligently, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject product and/or component parts of the product, which are known to Plaintiff or such others to be critical evidence in the instant litigation.

-12-

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff now has or had the ability to mitigate his/her alleged damages, if any, but has failed and refused to mitigate such alleged damages and, therefore, is barred from asserting against BIPI the claims which are attempted to be set forth in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from any recovery as against BIPI, because all damages, injuries, or losses, which may be proven to have been sustained by Plaintiff, were the direct and proximate result of the independent negligence or other conduct of Plaintiff and/or other independent third parties, and were not proximately caused by any act or omission by BIPI, or of any agent or employee of BIPI.

**NINTH AFFIRMATIVE DEFENSE**

That the direct and proximate cause of any and all of Plaintiff's alleged injuries and damages, the fact of which is presently denied by BIPI, were unforeseeable actions of others, which constitute supervening, superseding, or intervening causes for which BIPI is not liable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has not been damaged as a result of any reliance on any representation made by BIPI.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff relied on anything alleged to have been a representation by BIPI, such reliance was neither reasonable nor justifiable.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff expressly approved, authorized, participated in and ratified the acts and transactions complained of and upon which recovery herein is sought, and Plaintiff is accordingly precluded from recovery herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not rely upon any action or failure to act by BIPI.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the intervention of a learned intermediary or

-13-

1    intermediaries whose acts, omissions, or fault are the cause of Plaintiff's injuries, damages, or

2    losses, if any.

3                    **FIFTEENTH AFFIRMATIVE DEFENSE**

4            Any product for which BIPI was responsible at the time of the occurrence or injuries

5    alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture,

6    or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The

7    warnings and instructions accompanying the product or products at issue at the time of the

8    occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

9                    **SIXTEENTH AFFIRMATIVE DEFENSE**

10           At the time the product at issue was manufactured, there was no practical and

11   technically feasible alternative design or formulation that would have prevented the alleged

12   harm without substantially impairing the usefulness of the product.

13                   **SEVENTEENTH AFFIRMATIVE DEFENSE**

14           Plaintiff's claims are barred in whole or in part by Plaintiff's failure to assert a safer

15   design for the product(s) at issue.

16                   **EIGHTEENTH AFFIRMATIVE DEFENSE**

17           If Plaintiff sustained injuries or incurred the expenses alleged, the same were caused by

18   an idiosyncratic reaction, without any negligence, defect, or failure on the part of BIPI.

19                   **NINETEENTH AFFIRMATIVE DEFENSE**

20           Plaintiff cannot recover under the Complaint because the product at issue was made in

21   accordance with the state of the art at the time it was manufactured.

22                   **TWENTIETH AFFIRMATIVE DEFENSE**

23           Each and every claim asserted or raised in the Complaint is barred by the doctrine set

24   forth in comment k of the Restatement (Second) of Torts § 402A as to the product or products

25   at issue.  Liability may not attach simply because a product may be inherently dangerous if it

26   was accompanied by an adequate warning.  Without limiting the foregoing, Plaintiff's claims

27   are barred under comment k and/or *Brown v. Superior Court*, 44 Cal. 3d 1049 (1988), and their

28   limitation upon the doctrine of strict product liability for purported design defect.

-14-

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Product Liability.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

BIPI has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. Therefore, Plaintiff's claims are preempted.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, and/or to the extent Plaintiff seeks to privately enforce any provision of the FDCA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) and/or 21 U.S.C. § 337.  Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction in that the United States Food and Drug Administration ("FDA") is charged under law with determining the content of warnings and labeling for prescription drugs.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

BIPI is entitled to protection under the *Noerr-Pennington* doctrine, which provides that parties who exercise their First Amendment right to communicate and/or petition the

-15-

government are immune from liability premised on any such efforts.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than the Plaintiff, or, if not disclosed by the Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any injuries, loss, or damage as alleged in the Complaint, the injuries, losses or damages had several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained under California law.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent BIPI is found liable in part, BIPI avails itself of the relief and remedies available to it for joint and several liability under California law and/or other applicable law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks exemplary or punitive damages, BIPI specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards that arise in the decisions of *BMW of North America v. Gore* (1996) 517 U.S. 559, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001) 532 U.S. 424, and *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 123 S. Ct. 1513, 1519, 1521.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks exemplary or punitive damages, the Complaint fails to allege facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

-16-

LA/2204424v1

Sedgwick

1

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

2    BIPI's acts were done in good faith and without malice.

3

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

4    To the extent Plaintiff seeks exemplary or punitive damages, the claims are barred by the

5    provisions of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States

6    Constitution and Article 1, Sections 7, 15, 16, and 17 of the California Constitution for each of

7    the following reasons:

8    a)    California law fails to provide adequate notice of the conduct that will subject a

9          defendant to punitive damages.

10   b)    California law fails to provide a defendant with adequate notice of the severity of

11         the penalty that may be imposed in the form of punitive damages.

12   c)    California law does not permit the imposition of grossly excessive penalties in the

13         form of punitive damages.

14   d)    California law fails to provide meaningful and appropriate review of punitive

15         damage awards by trial and appellate courts and fail to provide for *de novo* review

16         of such awards as mandated in *Cooper Industries, Inc. v. Leatherman Tool Group,*

17         *Inc.* (2001) 532 U.S. 424.

18   e)    Notwithstanding the fact that punitive damages are quasi-criminal in nature,

19         California law fails to require proof beyond a reasonable doubt and/or a verdict by

20         a unanimous jury as a condition to the imposition of punitive damages.

21   f)    California law permits the assessment and measure of punitive damages to be

22         based, in significant part, upon the wealth of a defendant.

23   g)    Plaintiff's claim for punitive damages cannot be sustained to the extent it seeks to

24         punish BIPI for alleged harm to non-parties or persons who are not before the

25         court because imposition of punitive damages under such circumstances would

26         violate BIPI's procedural and substantive due process rights and equal protection

27         rights under the Fifth and Fourteenth Amendments to the United States

28         Constitution, and Article 1, Section 7 of the California Constitution.

-17-

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to sue, and/or lacks standing to bring such claims.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

BIPI asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.  Without limiting the foregoing, Plaintiff's non-economic loss must be apportioned in accordance with the provisions of California Civil Code § 1431.2 and/or other applicable state law

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because any injuries or damages sustained by Plaintiff were directly and proximately caused by the failure of Plaintiff to heed warnings and instructions.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are barred, reduced and/or limited pursuant to any other applicable limitations of awards, prejudgment interest, caps on recovery, and setoffs permitted by law, including, but not limited to California law regarding non-economic loss or injury, and applicable California law related to amounts paid or provided by collateral sources.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to state a cause of action against BIPI.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to set-off for all amounts paid, payable by or available from collateral sources.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Any of the conduct of BIPI or its agents which is alleged to be unlawful was taken as a result of conduct by Plaintiff.  Plaintiff is thus estopped to assert any cause of action against BIPI.

-18-

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, release and waiver.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties, as a result, complete relief cannot be accorded to the current parties in this action and will result in prejudice to BIPI.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the parties have been improperly joined in this action.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

BIPI hereby raises, asserts, and preserves its defense of improper venue.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they have filed in a *forum non conveniens*.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of any alleged breach of any warranty within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

## FORTY- EIGHTH AFFIRMATIVE DEFENSE

BIPI denies that there has been any opportunity to cure the alleged defects in the product, if any such defects existed, which is specifically denied, and specifically avers that Plaintiff has not allowed such opportunity, thereby precluding Plaintiff from recovering against BIPI for breach of warranty.

## FORTY- NINTH AFFIRMATIVE DEFENSE

The express warranties alleged to have been made, if any, were expressly disclaimed and excluded by the package insert; any and all statements made concerning the product applied only when used as directed.

LA/2204424v1

**FIFTIETH AFFIRMATIVE DEFENSE**

Plaintiff's common law claims and/or breach of warranty claims are preempted and/or superseded by applicable state statutory law.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

BIPI hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the pleadings to be filed in the Multidistrict Litigation proceeding and BIPI hereby reserves the right to amend its answer to assert any such defense.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff asserts claims based on BIPI's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Final Rule, Requirements on content and format of Labeling for Human Prescription Drug and Biological Products, FDA Docket No. 2000N-1269 (January 24, 2006).

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of person not having real or apparent authority to take said actions on behalf of BIPI and over whom BIPI had no control and for whom BIPI may not be held accountable.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained injuries or losses as alleged in the Complaint, a percentage of the tortious conduct that proximately caused Plaintiff's alleged injuries and damages is attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

The occurrence and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole

-20-

proximate and/or sole cause of the occurrence and injuries alleged by Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of BIPI and the occurrence and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving BIPI of liability to Plaintiff or any other parties. Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of BIPI.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including BIPI.

### SIXTIETH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of *res judicata*.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of payment and release.

1                   **SIXTY-SECOND AFFIRMATIVE DEFENSE**

2         Each and every claim asserted or raised in the Complaint is barred by the doctrine of

3 laches.

4                   **SIXTY-THIRD AFFIRMATIVE DEFENSE**

5         The benefits of the product or products at issue outweigh the risks, if any, which may

6 be attendant to their use.

7                   **SIXTY-FOURTH AFFIRMATIVE DEFENSE**

8         The damages and injuries alleged, if any, were caused or enhanced by a preexisting

9 medical condition of Plaintiff that were not related to any product manufactured by BIPI.

10                   **SIXTY-FIFTH AFFIRMATIVE DEFENSE**

11         BIPI is entitled to a presumption of no liability under applicable state law.

12                   **SIXTY-SIXTH AFFIRMATIVE DEFENSE**

13         Plaintiff's inadequate warning claims are barred because the alleged risk of which

14 Plaintiff claims is open, obvious, and/or a matter of common knowledge.

15                   **SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

16         Any warnings which BIPI gave were transmitted to the prescribing physicians and/or

17 health care providers and that BIPI's only obligation is to warn the prescribing physician and/or

18 health care providers and said obligation was fulfilled.

19                   **SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

20         BIPI is unaware at this time of any settlement by any alleged joint tortfeasor.

21 However, in the event any settlement is or has been made by any alleged joint tortfeasor, BIPI

22 is entitled to a credit/offset for such settlement.

23                   **SIXTY-NINTH AFFIRMATIVE DEFENSE**

24         The extent of any risk associated with the use of BIPI's product, the existence of

25 which is not admitted, was, at the time of the distribution of the product by BIPI, unknown and

26 could not have been known by the use of ordinary care by BIPI.

27                   **SEVENTIETH AFFIRMATIVE DEFENSE**

28         Plaintiff's claims are barred by the doctrine of estoppel.

-22-

Sedgwick

1

<b>SEVENTY-FIRST AFFIRMATIVE DEFENSE</b>

2

   BIPI did not violate any state or federal statute, regulation or ordinance to cause

3

Plaintiff's alleged injuries.

4

<b>SEVENTY-SECOND AFFIRMATIVE DEFENSE</b>

5

   Plaintiff's claims are barred in whole or in part due to a lack of notice or lack of

6

privity.

7

<b>SEVENTY-THIRD AFFIRMATIVE DEFENSE</b>

8

   To the extent that Plaintiff asserts claims based on BIPI's adherence to and

9

compliance with applicable state laws, regulations, and rules, such claims are barred and/or

10

preempted by federal law under the Supremacy Clause of the United States Constitution.

11

<b>SEVENTY-FOURTH AFFIRMATIVE DEFENSE</b>

12

   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the

13

circumstances constituting fraud with particularity, as required by Federal Rule of Civil

14

Procedure 9(b).

15

<b>SEVENTY-FIFTH AFFIRMATIVE DEFENSE</b>

16

   Inasmuch as the Complaint does not describe the alleged underlying claims with

17

sufficient particularity to enable BIPI to determine all of its legal, contractual and equitable

18

rights, BIPI reserves the right to amend and/or supplement the averments of its answer to assert

19

any and all pertinent liability defenses ascertained through further investigation and discovery

20

of this action.

21

<b>SEVENTY-SIXTH AFFIRMATIVE DEFENSE</b>

22

   Plaintiff fails to allege facts from which it can reasonably inferred to the level of clear

23

and convincing proof that defendant acted with complete indifference to or conscious disregard

24

for the safety of others.

25

<b>SEVENTY-SEVENTH AFFIRMATIVE DEFENSE</b>

26

   Plaintiff's claims are barred, in whole or in part, under applicable state law because

27

Pradaxa® was approved by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §

28

301.

-23-

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

BIPI lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to the Plaintiff.

## EIGHTIETH AFFIRMATIVE DEFENSE

BIPI's advertisements and labeling with respect to the products which are the subject of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution and the constitutions of the State of California, Utah and/or any other applicable state(s).

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

BIPI is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of California, the State of Utah, and/or any other law or statute that may be applicable.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

BIPI asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff should not be afforded the right to a jury trial on the claim for punitive damages or, as mandated by applicable state law, to have jury determination of whether the product is "unreasonably dangerous."

## EIGHTY-FOURTH AFFIRMATIVE DEFENSE

Any attempt to impose market share and/or enterprise liability against BIPI is barred.

-24-

1

### EIGHTY-FIFTH AFFIRMATIVE DEFENSE

2       To the extent Utah law applies, Plaintiff is barred from recovery and/or Plaintiff's

3   recovery is limited pursuant to Utah Code Ann. §§ 78B-5-818, *et seq.*

4

### EIGHTY-SIXTH AFFIRMATIVE DEFENSE

5       To the extent Utah law applies to Plaintiff's claims, BIPI affirmatively pleads all

6   defenses available to it pursuant to the Utah Consumer Sales Practices Act, Utah Code Ann. §§

7   13-11-1 *et seq.*

8

### EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

9       To the extent Utah law applies to Plaintiff's claims, those claims are confined to those

10  available under Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1, *et seq.*

11

### EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

12      Plaintiff suffered no physical injury from Pradaxa®.

13

### EIGHTY-NINTH AFFIRMATIVE DEFENSE

14      Certain parties and/or claims have been misjoined in this action.

15

### NINETIETH AFFIRMATIVE DEFENSE

16      To the extent Plaintiff alleges that death occurred, any damages for a wrongful death

17  claim may only be based on the destruction to the decedent's power to labor and earn money.

18  Absent any factual allegations indicating that Plaintiffs power to labor and earn money at the

19  time of death had been destroyed, such request for damages is barred.

20

### NINETY-FIRST AFFIRMATIVE DEFENSE

21      The Complaint fails to give BIPI reasonable notice of facts sufficient to complete any

22  choice of law analysis for each of the individual plaintiff(s).  Pending a determination of

23  applicable law, BIPI pleads all applicable affirmative defenses under all state laws and statutes,

24  including, but not limited to, those of California and/or Utah law.  BIPI is entitled to, and

25  claims the benefit of, all defenses and presumptions set forth in or arising from any applicable

26  state rule of law or statute in the States California and/or Utah, and/or any other applicable

27  / / /

28  / / /

-25-

1    state(s).   BIPI reserves the right to assert further or additional affirmative defenses if it is

2    determined that such defenses exist under applicable state law(s) or statute(s).

3

4    DATED:  February 28, 2013          SEDGWICK LLP

5

6                                       By:   /s/*Arameh Zargham O'Boyle*
                                             Karen Woodward
7                                            Wayne A. Wolff
                                             Arameh Zargham O'Boyle
8                                            Attorneys for Defendant
                                             BOEHRINGER INGELHEIM
9                                            PHARMACEUTICALS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

LA/2204424v1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Sedgwick LLP, 801 South Figueroa Street, 19th Floor, Los Angeles, CA  90017-5556.  On February 28, 2013, I served the within document(s):

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑    ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via [delivery method] .

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 28, 2013, at Los Angeles, California.

/s/*Barbara Fergerson*
Barbara Fergerson

DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

LA/2204424v1

## SERVICE LIST

1

2  Ramon Rossi Lopez, Esq.              Attorneys for Plaintiff
   Matthew Ramon Lopez, Esq.           EVELYN ABRAMS, AS SUCCESSOR-IN-
3  Amorina Patrice Lopes, Esp.         INTEREST AND SURVIVING HEIR OF
   LOPEZ McHUGH LLP                    THE ESTATE OF HAZEL ABRAMS,
4  100 Bayview Circle,                 DECEASED
   Suite 5600, North Tower
5  Newport Beach, CA  92660

6                                      Telephone:  (949) 737-1501
   And                                 Facsimile:  (949) 737-1504
7                                      E-mail: rlopez@lopezmchugh.com
                                               mlopez@lopezmchugh.com
8                                              alopez@lopezmchugh.com

9

10

11 Ryan L. Thompson                    Telephone: (866) 529-9100
   WATTS GUERRA CRAFT, LLP             Facsimile: (210) 448-0501
12 5250 Prue Road, Suite 525          Facsimile: (210) 448-0501
   San Antonio, TX 78240              Email: rthompson@wgclawfirm.com
13

14 Michelle Gillette, Esq.             Attorneys for Defendant
   KELLER AND HECKMAN LLP              MCKESSON CORPORATION
15 One Embarcadero Center, Suite 2110
   San Francisco, CA  94111            Tel:      (415) 948-2806
16                                      Fax:      (415) 948-2808
                                       Email:  gillette@khlaw.com
17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

LA/2204424v1

Sedgwick LLP